**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32386**

| | |
|---|---|
| DAVID KNUTSEN, | ) |
| | )    **2007 Opinion No. 24** |
|    Petitioner-Appellant, | ) |
| | )    **Filed: May 2, 2007** |
| v. | ) |
| | )    **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) |
| | ) |
|    Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order summarily dismissing application for post-conviction relief, <u>reversed</u> and <u>remanded</u>.

Law Office of Michael J. Wood, Twin Falls, for appellant. Michael J. Wood argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

PERRY, Chief Judge

David A. Knutsen appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we reverse and remand.

**I.**

**FACTS AND PROCEDURE**

Knutsen pled guilty to lewd conduct with his seven-year-old cousin. The district court imposed a unified sentence of life, with a minimum period of confinement of fifteen years, and retained jurisdiction. The district court then ordered a reduction of Knutsen's sentence to a unified term of thirty years, with a minimum period of confinement of seven and one-half years, and relinquished jurisdiction. Knutsen thereafter moved for reconsideration of the relinquishment of jurisdiction order and for further modification of the reduced sentence under I.C.R. 35. After a hearing, the district court suspended Knutsen's sentence and placed him on probation for ten years. Subsequently, at an evidentiary hearing, the district court found that

1

Knutsen violated the terms and conditions of his probation. The district court held a disposition hearing where it revoked Knutsen's probation and ordered into execution his sentence of thirty years, with a minimum period of confinement of seven and one-half years. Knutsen appealed, arguing the district court erred by revoking his probation and imposing an excessive sentence. This Court affirmed the revocation of Knutsen's probation and his sentence. *State v. Knutsen*, 138 Idaho 918, 71 P.3d 1065 (Ct. App. 2003).

Knutsen filed an application for post-conviction relief asserting that his sentence constituted cruel and unusual punishment, that a neuropsychological evaluation demonstrated his sentence should be vacated, and that his counsel provided ineffective assistance in the probation revocation proceedings. The district court summarily dismissed Knutsen's application. Knutsen appeals.[1]

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

---

[1] Knutsen filed two virtually identical applications for post-conviction relief in the district court. Although the district court ordered the two cases consolidated, the court appears to have kept both cases open as two separate cases--CV. 04-3148 and CV. 04-3259. This appeal will dispose of both actions.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

### III.

### ANALYSIS

#### A.    Cruel and Unusual Punishment

Knutsen argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 6 of the Idaho Constitution. On direct appeal from his judgment of conviction, Knutsen argued that the district court imposed an excessive sentence under state law reasonableness standards. In summarily dismissing Knutsen's cruel and unusual punishment claim in the present case, the district court ruled that Knutsen was foreclosed from bringing the claim in his post-conviction relief action because he had already challenged the length of his sentence on direct appeal.

The scope of post-conviction relief is limited. An application for post-conviction relief is not a substitute for an appeal.

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

I.C. § 19-4901(b). This Court has considered challenges to the length of a sentence on cruel unusual punishment grounds in post-conviction proceedings. *See Evans v. State*, 127 Idaho 662, 665, 904 P.2d 574, 577 (Ct. App. 1995); *Gonzales*, 120 Idaho at 763, 819 P.2d at 1163. More recently, however, this Court held that a challenge to the length of a sentence on cruel and unusual punishment grounds could be raised for the first time on direct appeal. *See State v. Jensen*, 138 Idaho 941, 946, 71 P.3d 1088, 1093 (Ct. App. 2003). This Court reasoned that cruel and unusual punishment arguments are so similar to and interrelated with claims of excessiveness under state law reasonableness standards that there is no reason to treat the two types of arguments differently with respect to any requirement for raising the issue below. This Court also reasoned that refusing to hear the cruel and unusual punishment argument on direct appeal if it was not raised below would spur more litigation in the trial courts as defendants sought to raise it through a Rule 35 motion or an application for post-conviction relief.

In light of the decision in *Jensen*, we hold that I.C. § 19-4901(b) precludes consideration of a cruel and unusual punishment challenge to the length of a sentence in post-conviction proceedings because that challenge could be raised on direct appeal. A claim that the length of a sentence constitutes cruel and unusual punishment does not itself raise a substantial doubt regarding the guilt of the applicant. We cannot think of any reason that a challenge to the length of a sentence on cruel and unusual punishment grounds cannot, in the exercise of due diligence, be presented on direct appeal. Moreover, permitting post-conviction applicants to challenge the length of their sentences on cruel and unusual punishment grounds would spur more litigation in the trial courts, undermining the rationale for allowing the issue to be raised on direct appeal. *See Jensen*, 138 Idaho at 945-46, 71 P.3d at 1092-93.[2]

---

[2] Our holding applies only to cruel and unusual punishment claims challenging the length of the sentence. A cruel and unusual punishment claim challenging the conditions of confinement is properly brought in a habeas corpus action or perhaps a post-conviction relief action, but not in a direct appeal. *See State v. Leach*, 135 Idaho 525, 532-33, 20 P.3d 709, 716-17 (Ct. App. 2001).

Knutsen asserts that his direct appeal was argued and decided prior to this Court's decision in *Jensen*, and he should therefore be permitted to raise his cruel and unusual punishment challenge in post-conviction proceedings. As noted above, this Court had addressed such challenges in post-conviction relief actions before *Jensen* clarified that such claims could be raised on direct appeal, with the consequence that they were therefore prohibited in post-conviction relief actions pursuant to I.C. § 19-4901(b). *See Evans*, 127 Idaho at 665, 904 P.2d at 577; *Gonzales*, 120 Idaho at 763, 819 P.2d at 1163. We therefore hold that I.C. § 19-4901(b) procedurally bars cruel and unusual punishment challenges to the length of a sentence only in cases where, after *Jensen*, the defendant had an opportunity to bring a claim on direct appeal that the sentence was cruel and unusual. Specifically, cruel and unusual punishment claims challenging the length of a sentence are procedurally barred from being brought in post-conviction relief actions in any case where the direct appeal was remitted after the date of the *Jensen* decision. Such claims are also barred in any case where, even though the defendant did not file a direct appeal, the time for doing so expired after the date of the *Jensen* decision.

Our holding does not, however, provide Knutsen with any relief. Knutsen already challenged the length of his sentence on state law reasonableness grounds in his direct appeal. The principles of res judicata apply when an applicant attempts to raise the same issues previously ruled upon on direct appeal in a subsequent application for post-conviction relief. *See State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988); *State v. LePage*, 138 Idaho 803, 811, 69 P.3d 1064, 1072 (Ct. App. 2003). A cruel and unusual punishment challenge to the length of a sentence is similar to and interrelated with a challenge to the length of a sentence on state law reasonableness grounds.

Knutsen argues that the cruel and unusual punishment standard is easier to satisfy because federal law requires consideration of both the determinate and indeterminate portions of a sentence when reviewing a cruel and unusual punishment claim. When reviewing a sentence imposed under the state law reasonableness standard, this Court treats the minimum period of incarceration as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct. App. 1989). In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court agreed with a prisoner bringing a cruel and unusual punishment challenge that his inability to enforce any "right" to parole, for which he could have become eligible in as little as twelve years, precluded the Court from treating his life sentence as if it were equivalent to a sentence of

twelve years. *Id.*, 445 U.S. at 280. Knutsen, however, has not directed us to any federal court decisions holding that the indeterminate portion of a sentence must be considered as the probable term of confinement when reviewing a sentence for cruel and unusual punishment. Moreover, this Court is constrained by the Idaho Supreme Court's decision that we should treat the fixed portion of a sentence as the term of confinement for purposes of appellate review of a cruel and unusual punishment claim. *See State v. Matteson*, 123 Idaho 622, 626, 851 P.2d 336, 340 (1993). Therefore, Knutsen's argument does not persuade us that the cruel and unusual punishment standard is easier to satisfy than the state law reasonableness standard.

Indeed, we conclude that a cruel and unusual punishment claim presents a more difficult standard for the defendant. A sentence of confinement is reasonable under state law standards if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Determining if a sentence constitutes cruel and unusual punishment requires a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality. *Matteson*, 123 Idaho at 626, 851 P.2d at 340; *State v. Brown*, 121 Idaho 385, 394, 825 P.2d 482, 491 (1992); *State v. Olivera*, 131 Idaho 628, 632, 962 P.2d 399, 403 (Ct. App. 1998). This gross disproportionality test is equivalent to the standard under the Idaho Constitution which focuses upon whether the punishment is out of proportion to the gravity of the offense committed and such as to shock the conscience of reasonable people. *Brown*, 121 Idaho at 394, 825 P.2d at 491. If an inference of such disproportionality is found, this Court must conduct a proportionality analysis comparing the sentence to those imposed on other defendants for similar offenses. *Matteson*, 123 Idaho at 626, 851 P.2d at 340; *Olivera*, 131 Idaho at 632, 962 P.2d at 403. An affirmation of the length of a sentence on state law reasonableness grounds therefore inherently indicates that the sentence is not cruel and unusual.

Permitting an applicant for post-conviction relief to challenge the length of his or her sentence on cruel and unusual punishment grounds when an appellate court has already held on direct appeal that the sentence is not unreasonable would allow the applicant to raise the same issue previously ruled upon. We hold that a challenge to the length of the sentence on cruel and unusual punishment grounds in post-conviction proceedings is barred by the doctrine of res

6

judicata when the applicant argued on direct appeal that the sentence is excessive under state law reasonableness standards. Because this Court held that Knutsen's sentence was not excessive under state law reasonableness standards in his direct appeal, we hold that Knutsen's cruel and unusual punishment claim is barred by the doctrine of res judicata.

**B.     Neuropsychological Evaluation**

Knutsen next argues that a neuropsychological evaluation, prepared after completion of the proceedings in his criminal case, set forth evidence of material facts that require vacation of his sentence under I.C. § 19-4901(a)(4). The district court ruled that the neuropsychological evaluation did not raise a genuine issue of material fact to survive summary dismissal because it would not have required the district court to continue Knutsen's probation.

Section 19-4901(a)(4) provides for post-conviction relief where the applicant demonstrates that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice. This provision does not afford an opportunity for resentencing based upon changes in the offender's character, health, or mental condition occurring after the pronouncement of sentence which may, in hindsight, make the sentence appear more lengthy than necessary. *Bure v. State*, 126 Idaho 253, 254, 880 P.2d 1241, 1242 (Ct. App. 1994). An applicant must present evidence of facts that existed at the time of sentencing that would have been relevant to the sentencing process and that indicate the information available to the parties or the trial court at the time of sentencing was false, incomplete, or otherwise materially misleading. *Id.*, 126 Idaho at 254-55, 880 P.2d at 1242-43. *See also Vick v. State*, 131 Idaho 121, 125, 952 P.2d 1257, 1261 (Ct. App. 1998).

For the purposes of I.C. § 19-4901(a)(4), the sentencing process includes the probation revocation proceedings where the district court revoked Knutsen's probation and ordered into execution the suspended sentence which he is now serving. After revoking probation, the district court may order the suspended sentence to be executed or the court may reduce the sentence under Rule 35. Knutsen did request a reduced sentence at the disposition hearing. Therefore, the issue is whether the neuropsychological evaluation presented by Knutsen in his post-conviction action includes evidence of facts that would have been relevant to the sentencing process, including the probation revocation proceedings, and that indicate the information available at that time was false, incomplete, or otherwise materially misleading. *See Bure*, 126 Idaho at 254-55, 880 P.2d at 1242-43.

The neuropsychological evaluation concluded that the reports and testimony relied upon during the sentencing process did not clearly elucidate the severity of Knutsen's psychiatric difficulties. The neuropsychological evaluation conclusively diagnosed Knutsen with bi-polar disorder, a condition for which he was not being treated while on probation. The neuropsychological evaluation also stated that the prior reports did not fully communicate that Knutsen's psychiatric difficulties likely played a substantial role in his probation violations, particularly since he was not being treated adequately at the time. The neuropsychological evaluation stated that, after being placed on psychotropic medications while incarcerated, Knutsen was able to be significantly more compliant. If the court had been made aware of Knutsen's bi-polar condition and the potential for effective treatment at the time it ordered probation, it might well have authorized treatment for that condition while Knutsen was on probation. *See* I.C. § 19-2523(2). *See also State v. Leach*, 135 Idaho 525, 532, 20 P.3d 709, 716 (Ct. App. 2001). Information on Knutsen's unmedicated bi-polar disorder would also have been relevant to Knutsen's probation revocation proceedings. This case is therefore distinguishable from cases where the applicant has not submitted evidence indicating the facts before the court during the sentencing process were materially inaccurate or incomplete when presented. *See Hollon v. State*, 132 Idaho 573, 581, 976 P.2d 927, 935 (1999); *Bure*, 126 Idaho at 254-55, 880 P.2d at 1242-43.

The state argues the neuropsychological evaluation's assertions are not truthful because the reports and testimony provided during the sentencing process did elucidate Knutsen's mental problems. The portions of the record cited by the parties, however, support the neuropsychological evaluation's conclusion that the prior reports did not clearly elucidate the severity of Knutsen's mental health problems. For example, in testimony at the first sentencing hearing on September 5, 2000, one mental health professional suggested that the court needed a psychiatric evaluation to get a clearer idea of Knutsen's mental health issues. Testimony also indicates that his mental health conditions were still unclear at the disposition hearing, on April 27, 2001, particularly whether he was suffering from bi-polar disorder. The neuropsychological evaluation therefore directly addressed material questions that were unanswered during the sentencing process.

The state also relies heavily on its assertion that the neuropsychological evaluation failed to establish that Knutsen's probation violations were not willful. If a probationer's violation of a

probation condition was not willful, or was beyond the probationer's control, a court may not revoke probation and order imprisonment without first considering alternative methods to address the violation. *Leach*, 135 Idaho at 529, 532, 20 P.3d at 713. We conclude that the neuropsychological evaluation raised a genuine issue of material fact by calling into question whether Knutsen's probation violations were willful because it indicated that his unmedicated mental health problems likely played a substantial role in his probation violations.

Further, the evaluation raised a genuine issue of material fact because it could have reasonably led to a different outcome at the probation revocation proceedings even without disproving the willfulness of the probation violations. The question whether a probation violation is willful is not the only material issue for the district court to consider in probation revocation proceedings. In deciding whether revocation of probation is the appropriate response to a violation, the court considers whether the probation is achieving the goal of rehabilitation and whether continued probation is consistent with the protection of society. *Leach*, 135 Idaho at 529, 20 P.3d at 713. This is a discretionary decision. *Id. See also* I.C. § 20-222. If the court determines that probation should be revoked, the suspended sentence may be ordered into execution, or, alternatively, the court is authorized under Rule 35 to reduce the sentence upon revocation of the probation. *See State v. Maland*, 124 Idaho 830, 833, 864 P.2d 668, 671 (Ct. App. 1993). This, too, is a discretionary decision. *Id.* Knutsen's mental health was a factor that the district court properly considered in making its discretionary decisions throughout the sentencing process. The neuropsychological evaluation could therefore have reasonably led to a different outcome at the probation revocation proceedings because it provided a significantly different picture from the prior reports of the role Knutsen's mental health played in his probation violations. The question at the summary dismissal stage is not, as the district court ruled and the state argues, whether Knutsen has proven that the neuropsychological evaluation would have compelled the district court to continue probation. Rather, the question is whether Knutsen has raised a genuine issue of material fact as to whether the neuropsychological evaluation would have led to a different outcome if the court had the opportunity to consider the evaluation when exercising its discretion in the sentencing process.

We conclude that the district court erred in summarily dismissing Knutsen's claim that the neuropsychological evaluation set forth evidence of material facts that require vacation of his sentence.

C.      **Ineffective Assistance of Counsel**

Knutsen also argues that he was provided ineffective assistance of counsel at the probation revocation proceedings. In Knutsen's direct appeal, this Court held that the state presented substantial evidence that Knutsen had violated the terms of his probation by absconding supervision, failing to report to his probation officer, and failing to attend substance abuse counseling. *See Knutsen*, 138 Idaho at 924, 71 P.3d at 1071. Knutsen argues his counsel was ineffective because he failed to challenge the terms of Knutsen's probation and failed to present mitigating evidence. The district court summarily dismissed Knutsen's claim of ineffective assistance after finding his factual assertions insufficient to support the claim.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceedings would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Knutsen asserts that his counsel provided ineffective assistance by failing to argue that leaving his residence for four to five days and failing to attend substance abuse counseling were not violations of the terms of his probation. This Court already determined in Knutsen's direct appeal, however, that the record in his criminal case contained sufficient evidence that he had violated the terms of his probation by committing these acts. *See Knutsen*, 138 Idaho at 924, 71 P.3d at 1071. Knutsen has not submitted any additional evidence on the terms of his probation in the post-conviction relief proceedings. Knutsen therefore has not stated a genuine issue of

10

material fact as to whether his counsel provided ineffective assistance by failing to challenge the alleged terms of his probation.

Knutsen also argues his counsel provided ineffective assistance by failing to present testimony from his grandmother and by failing to further investigate and present evidence of his mental health problems. An ineffective assistance claim based on counsel's failure to present evidence cannot satisfy the deficient performance or resulting prejudice prongs without providing the substance of the potential testimony or other admissible evidence of facts counsel should have discovered and presented. *See Cootz v. State*, 129 Idaho 360, 370-71, 924 P.2d 622, 632-33 (Ct. App. 1996); *Lake v. State*, 126 Idaho 333, 336, 882 P.2d 988, 991 (Ct. App. 1994); *Fox v. State*, 125 Idaho 672, 675, 873 P.2d 926, 929 (Ct. App. 1994). Based on an affidavit by Knutsen's grandmother, she could have provided testimony that, if believed, would have established that Knutsen did not willfully violate the term of his probation requiring him to report to his probation officer. At the evidentiary hearing on the probation violations, the probation officer testified that she left a telephone message with Knutsen's grandmother requesting a meeting, and Knutsen's grandmother subsequently informed the probation officer that she had relayed that message to Knutsen. Knutsen testified that he was not given the message. Knutsen's counsel did not present the testimony of Knutsen's grandmother, who averred that she did not relay the message to Knutsen and did not inform the probation officer that she had relayed the message. Additionally, Knutsen argues the neuropsychological evaluation demonstrated that, if his counsel had further investigated Knutsen's mental health problems, his counsel could have presented evidence that his unmedicated mental health problems caused him to violate the terms of his probation.

Knutsen has raised a genuine issue of material fact as to whether his counsel's performance was objectively unreasonable in investigating and presenting evidence. The testimony of Knutsen's grandmother clearly would have been pertinent to his defense that his grandmother never relayed his probation officer's message to him and, based on her affidavit, her testimony would have contradicted the probation officer's testimony. Additionally, the testimony on Knutsen's mental health presented by his counsel at the probation revocation proceedings merely indicated that the full extent of Knutsen's mental health problems was still unclear at that time. Based on the neuropsychological evaluation, Knutsen's unmedicated mental health problems could have been presented as a mitigating factor at the probation revocation

proceedings had his counsel pursued a complete mental health evaluation. We find in the record no explanation why such potentially exculpatory and obtainable information was not pursued. The neglect to pursue the testimony of Knutsen's grandmother and additional information on Knutsen's mental health problems raises a material question regarding the vigor and competence of his counsel's representation. *See Vick*, 131 Idaho at 124-26, 952 P.2d at 1260-62.

Knutsen has also raised a genuine issue of material fact as to whether he was prejudiced by his counsel's failure to investigate and present evidence. We note that the prejudice prong does not require proof that counsel's errors definitely would have altered the outcome of the proceedings. *See Milburn v. State*, 130 Idaho 649, 659, 946 P.2d 71, 81 (Ct. App. 1997). Rather, it requires a reasonable probability that, but for counsel's inadequate performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Milburn*, 130 Idaho at 659, 946 P.2d at 81. The testimony of Knutsen's grandmother would have helped establish Knutsen did not willfully violate the term of his probation requiring him to report to his probation officer. The neuropsychological evaluation indicates that presentation of a thorough report on Knutsen's mental health would have called into question whether any of Knutsen's probation violations were willful and would have established he may have been able to successfully complete probation if properly medicated. There is a reasonable probability that such evidence would have prompted the district court to continue Knutsen's probation or to reduce his sentence after revoking probation. The district court erred in denying Knutsen an evidentiary hearing on whether he received ineffective assistance of counsel.

## IV.

## CONCLUSION

Idaho Code Section 19-4901(b) procedurally bars cruel and unusual punishment challenges to the length of a sentence in cases where, after *State v. Jensen*, 138 Idaho 941, 71 P.3d 1088 (Ct. App. 2003), the defendant had an opportunity to bring a claim on direct appeal that the sentence was cruel and unusual. Specifically, cruel and unusual punishment claims challenging the length of a sentence are procedurally barred from being brought in post-conviction relief actions in any case where the direct appeal was remitted after to the date of the *Jensen* decision. Such claims are also barred in any case where, even though the defendant did not file a direct appeal, the time for doing so expired after the date of the *Jensen* decision.

12

Because Knutsen challenged the length of his sentence on direct appeal, his post-conviction claim that the length of his sentence constitutes cruel and unusual punishment is barred by the doctrine of res judicata even though his direct appeal was final prior to *Jensen*.

The neuropsychological evaluation attached to Knutsen's application for post-conviction relief, however, presented evidence of facts that would have been relevant to the sentencing process and indicate that the information available at sentencing was incomplete. Knutsen has also raised a genuine issue of material fact as to whether his counsel provided ineffective assistance at the probation revocation proceedings. Knutsen is therefore entitled to an evidentiary hearing to determine whether he can demonstrate that there exists evidence of material facts, not previously presented and heard, that requires a resentencing hearing or a new probation revocation proceeding. Accordingly, we reverse the district court's order summarily dismissing Knutsen's application for post-conviction relief. We remand for an evidentiary hearing on whether Knutsen is entitled to a new probation revocation proceeding or resentencing in light of the neuropsychological evaluation or his counsel's ineffective assistance. Costs, but not attorney fees, are awarded on appeal to Knutsen.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**