Judge GRATTON,
Specially concurring.
I concur. However, I do not agree that the State’s basis for summary dismissal— that he failed to raise a genuine issue of material fact and that the asserted expert testimony was inadmissible — failed to put Caldwell on notice that his claimed expert testimony was insufficiently supported by the record.
Caldwell alleged in his petition that the expert would render an opinion that Caldwell “did not exhibit pedophilic or criminal sexual tendencies.” The State asserted in its answer that the expert would not be allowed to render such an opinion at trial and that the purported evidence was inadmissible. In its motion for summary dismissal, the State contended that “Richard Caldwell’s ineffective assistance of counsel claims fail to raise a genuine issue of material fact regarding both deficient performance and resulting prejudice.” In its brief, the State argued that “the Idaho Rules of Evidence prohibit such testimony at trial.” Caldwell filed nothing in opposition to the State’s motion. At oral argument, neither counsel for the State nor Caldwell specifically addressed the claim. In ruling on the claim, the district court first stated: “I’m not sure how you get that evidence in.” Thereafter, the court indicated that its own research suggested that the purported evidence appeared to be precluded character evidence.
Caldwell made a bare and conclusory statement about what a claimed expert would say at trial. In response to the motion to dismiss; he provided no affidavit. He provided no evidence or other documentation from the expert as to what he might say. He provided no qualifications of the expert to render any opinion at all. He provided no evidence of any basis by which the expert could render any such opinion, other than in excerpts from his initial petition contending that the expert was one of three who had documented his post-traumatic stress disorder. He did not suggest how the opinion would be admissible. He failed to argue how any specific rules of evidence might bear on such testimony. He did not ever cite to Idaho Rule of Evidence 404(a)(1), or how it might be read to allow such testimony, even though he now claims on appeal that trial counsel was ineffective for failing to make such an argument years before. He claims on appeal that he was not required to cite to any evidentiary rule or make any argument at all to withstand summary dismissal. Apparently, Caldwell believed that it was appropriately left to the district court to engage in an academic exercise of determining potential admissibility depending upon unknown context, expertise, and actual opinion.
In its motion, the State contended that Caldwell’s claim failed to raise a genuine issue as to both Strickland,[1] prongs, something Caldwell overlooks. But, the fact is, that is true. Caldwell made one bare and unsubstantiated claim as to an opinion he believed the expert would testify to. A statement about what a witness might testify to in a petition for post-conviction relief does nothing to raise a genuine issue of material fact necessary to prevent summary dismissal. Cootz v. State, 129 Idaho 360, 370-71, 924 P.2d 622, 632-33 (Ct.App.1996). Thus, he failed to raise any genuine issue and he was expressly provided notice of that ground for dismissal.
I recognize that at least some of the language used in the State’s answer and brief in support of summary dismissal was aimed at some perceived bar to the purported testimony under the rules of evidence, although no specific rule was cited. Even though he made no argument whatsoever in the district court, on appeal, Caldwell suggests that the *244 only notice of the basis for summary dismissal he received was that the evidence was inadmissible, focusing on the question of whether Rule 404(a)(1) would allow the evidence as character evidence based upon our recent holding in State v. Rothwell, 154 Idaho 125, 294 P.3d 1137 (Ct.App.2013).
In his reply brief, Caldwell contends:
Here, the district court’s only reason for summary dismissal of the claim that trial counsel was ineffective for failing to interview Dr. Atkins and call him as a witness was that the evidence was inadmissible. That was [ ] also the only reason provided by the State. The claim was not dismissed because the amended petition contained no evidence supporting the assertion that Dr. Atkins would have testified that Mr. Caldwell did not exhibit pedophilic or criminal sexual tendencies. Thus, the district court’s dismissal of the claim may not be affirmed on the State’s alternative theory, because Mr. Caldwell did not have any prior notice of that basis for dismissing the claim. Cf Baxter v. State, 149 Idaho 859, 864-65, 243 P.3d 675 (Ct.App.2010) (affirming the district court’s summary dismissal decision on alternate grounds for which the petition was given prior notice). Had Mr. Caldwell received adequate notice that the claim would be dismissed because the amended petition contained no evidence supporting the assertion that Dr. Atkins would have testified that Mr. Caldwell did not exhibit pedophilic or criminal sexual tendencies, he could have taken steps to save the claim by submitting a response with an affidavit from Dr. Atkins detailing the substance of his potential testimony, or, if Dr. Atkins were unwilling or otherwise unable to provide an affidavit, an affidavit explaining what the evidence would have been and why Mr. Caldwell was unable to get it.
So in essence, Caldwell contends that the challenge to the admissibility of his purported expert testimony was insufficient to advise him that he had to demonstrate, as a threshold matter, that he actually had some testimony to proffer beyond his bare assertion. I am quite comfortably of the view that a post-conviction claim of ineffective assistance of counsel for failing to introduce testimony must actually be based upon some evidence beyond the petitioner’s mere assertion to withstand summary dismissal. That is true whether the stated basis for summary dismissal includes that it is a bare and unsubstantiated claim, the lack of a genuine issue of material fact, failure to satisfy the Strickland, prongs, or a general or specific claim that such evidence would not be admissible. Any such claim provides the requisite notice to require the petitioner to present a prima facie case warranting an evidentiary hearing. In this context, that prima facie case, at a minimum, includes, as Caldwell acknowledges in his reply brief, an affidavit or some other evidence of the testimony beyond the mere assertion[2] and its admissibility, which would include relevancy and its limits and competency of the witness to testify. Caldwell failed to do so and summary dismissal was appropriate on that basis.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Caldwell cites to Knutsen v. State, 144 Idaho 433, 443, 163 P.3d 222, 232 (Ct.App.2007), for the proposition that "an ineffective assistance claim based on counsel’s failure to present evidence cannot satisfy the deficient performance or resulting prejudice prongs without providing the substance of the potential testimony or admissible evidence of facts counsel should have discovered and presented.” He contends therefrom that his bare assertion of what the expert might say satisfied the requirement of "providing the substance of the potential testimony.” He misreads Knutsen. Knutsen requires evidence in whatever form it may appropriately take. This is readily seen from a reading of Cootz v. State, 129 Idaho 360, 370-71, 924 P.2d 622, 632-33 (Ct. App.1996), which Knutsen cited for the above-quoted proposition. Cootz involved an application for post-conviction relief based upon a claim of ineffective assistance of counsel for failing to present certain testimony. The Cootz court clearly set out the requirement: "An application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information. Absent the witnesses or verifiability of the facts to which they could testify, the application will be deemed insufficient to raise material issues of fact to justify an evidentiary hearing.” Id. That is precisely the situation in this case.