**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45752**

| | |
|---|---|
| GREGORY RAYMOND HIGGINS, JR., | ) |
| | ) **Filed: May 17, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Gregory Raymond Higgins, Jr. appeals from the district court's order dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Higgins of first degree murder. During trial, the State admitted Exhibit 5, a DVD containing footage of a police interview with Higgins. Exhibit 5 was published to the jury, and during the recorded interview, a police detective referenced Higgins' silence, stating "[there were] things I didn't get to ask you, maybe I did, but you didn't answer." This statement implicitly indicated that Higgins had invoked his Fifth Amendment right to remain silent.

1

Whether defense counsel was aware the footage contained the statement before Exhibit 5 was published to the jury is unclear. Regardless, after Exhibit 5's publication, the trial court provided a curative instruction stating, "Any reference or testimony that the Defendant may have invoked his Fifth Amendment right is to be stricken and is not to be considered by you for any purpose during your deliberation." Later, after the close of evidence and before the jury's deliberations, the trial court gave this same instruction again. Further, the trial court also ordered the State to redact the statement from Exhibit 5 to create Exhibit 5A for purposes of sending a corrected exhibit to the jury room.

After this Court affirmed Higgins' judgment of conviction and sentence, Higgins timely filed a petition for post-conviction relief and, eventually, an amended petition. Higgins alleges two claims. He contends his counsel was ineffective (1) for failing to review and object to Exhibit 5 and (2) for failing to move for a mistrial after the publication of Exhibit 5. The district court issued a notice of intent to dismiss Higgins' amended petition, in which it articulated its preliminary reasoning for dismissing the petition, and Higgins filed a response. Following a hearing, the district court dismissed Higgins' amended petition.

Regarding Higgins' first claim, the district court assumed his counsel's performance was deficient for failing to review Exhibit 5 and moving to exclude it. The district court noted Higgins did not allege prejudice as a result of his counsel's failure. Nonetheless, the district court analyzed the possibility of prejudice under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), namely whether there was a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *See, e.g.*, *Aragon v. State*, 114 Idaho 758, 761, 760 P.2d 1174, 1177 (1988). The district court concluded that, even if the implicit reference to Higgins' right to remain silent in Exhibit 5 had never been published to the jury, the jury would have found Higgins guilty regardless based upon the "overwhelming" evidence against him, and therefore Higgins failed to show prejudice.

Regarding Higgins' second claim, the district court considered whether a motion for mistrial would have been granted, assuming Higgins' counsel had made such a motion. Based on the trial court's curative instructions, its requirement of a redacted Exhibit 5 and the implicit (versus explicit) reference to Higgins' silence, the district court concluded the trial court would not have granted a motion for mistrial. Citing *Padilla v. State*, 158 Idaho 184, 187, 345 P.3d 243, 246 (Ct. App. 2014), the district court noted this conclusion was determinative of both

prongs of *Strickland*. The district court also rejected Higgins' argument that he did not have to show prejudice because his counsel's errors were fundamental in nature and amounted to structural error. Higgins timely appeals.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

## III.

## ANALYSIS

**A.     Proof of Ineffective Assistance of Counsel Requires a Showing of Prejudice**

On appeal, Higgins focuses exclusively on the prejudice prong of the *Strickland* analysis. Higgins argues the district court incorrectly held that "*Strickland* prejudice always means the existence of a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Higgins contends there is no requirement of showing prejudice if counsel's deficient performance "renders the proceedings fundamentally unfair."

In support, Higgins cites *Weaver v. Massachusetts*, ___ U.S. ___, 137 S. Ct. 1899 (2017). *Weaver*, however, did not rule that fundamental unfairness supplants the necessity of showing prejudice to support a claim for ineffective assistance of counsel. Rather, the *Weaver* Court simply assumed that possibility for purposes of its analysis, but it expressly declined to consider the issue:

> Petitioner . . . argues that under a proper interpretation of *Strickland*, even if there is no showing of a reasonable probability of a different outcome, relief still must be granted if [he] shows that attorney errors rendered the trial fundamentally unfair. For the analytical purposes of this case, the Court will *assume* that petitioner's interpretation of *Strickland* is the correct one. In light of the Court's ultimate holding, however, the Court need not decide the question here.

*Id.* at ___, 137 S. Ct. at 1911 (emphasis added). Despite this assumption that fundamental unfairness might in some instances replace prejudice, the *Weaver* Court noted, "The prejudice showing is in most cases a necessary part of a *Strickland* claim." *Weaver*, ___ U.S. at ___, 137 S. Ct. at 1910. Ultimately, the Court rejected the petitioner's claim for post-conviction relief because he failed to show prejudice. *Id.* at ___, 137 S. Ct. at 1913. As the concurrence noted, the Court's assumption was not "necessary to its result." *Id.* at ___, 137 S. Ct. at 1914 (Thomas, J.; Gorsuch, J. concurring).

While *Weaver* assumed a fundamentally unfair error might conceivably relieve a petitioner of the burden under *Strickland* to show prejudice, the Court did not reach this issue, and *Weaver* does not support Higgins' assertion that he need not show prejudice in this case. Moreover, Higgins neither argues nor cites any authority for the proposition that the implicit reference to his Fifth Amendment right to remain silent in Exhibit 5 rises to the level of a fundamentally unfair error. Instead, he appears to concede that it does not. Accordingly, *Weaver* is inapposite, and the district court relied on the correct test for prejudice, i.e., whether

4

there was a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *See, e.g.*, *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Applying this test, the district court correctly concluded Higgins failed to show prejudice.

**B.      The Trial Court Gave Curative Instructions**

Higgins also argues on appeal that the prejudice Exhibit 5 caused "was not ameliorated by a cautionary instruction" and that the jury "was not instructed it could not draw . . . an inference [of guilt] from his assertion of [his] Fifth Amendment right[] in Exhibit 5." Because the district court correctly concluded Higgins failed to show any prejudice, we do not need to address this argument. Regardless, Higgins is incorrect. The trial court twice instructed the jury that any reference to Higgins' invocation of his Fifth Amendment right was stricken and not to be considered during deliberations--once shortly after Exhibit 5's publication and again before the jury's deliberations. Although Higgins failed to allege and show prejudice, these instructions cured any possible unfair prejudice the error caused. *See, e.g.*, *State v. Johnson*, 163 Idaho 412, 422, 414 P.3d 234, 244 (2018) ("Error in admission of evidence may be cured by proper instruction, and it must be presumed that the jury obeyed the trial court's direction.").

## IV.

## CONCLUSION

Higgins has the burden to show he was prejudiced by his counsel's deficient performance, and he has failed to make this showing. Moreover, to the extent there was any prejudice, the trial court cured the error through jury instructions. Accordingly, the district court's dismissal of Higgins' petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.