**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48137**

| | |
|---|---|
| SABINA A. HALLAM, | ) |
| | ) **Filed: February 9, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Thomas W. Whitney, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Sabina A. Hallam appeals from the judgment summarily dismissing her petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement in her underlying criminal case, Hallam pled guilty to one count of grand theft. In exchange, the State dismissed four other counts of grand theft. At the change of plea hearing, Hallam affirmed she understood that "restitution could be awarded on all

1

the cases,[1] even the ones being dismissed." Later, at the sentencing hearing, the State represented that the "negotiations were that, irrespective of the fact that we have dismissed felony counts and that there was a basis to charge additional counts, that restitution would be ordered . . . on all matters whether charged or uncharged or dismissed otherwise." Hallam offered no objection or correction to the State's representation that the plea agreement included restitution beyond the count to which Hallam pled guilty. The trial court subsequently ordered Hallam to pay $34,087 in restitution, but later amended the amount to $30,787. Hallam appealed and this Court affirmed the order of restitution in an unpublished opinion. *State v. Hallam*, Docket Nos. 43035 & 43737 (Ct. App. Feb. 7, 2017).[2]

Hallam filed a pro se petition for post-conviction relief. She requested appointment of counsel, which the district court granted. Hallam's petition alleged various claims, two of which are relevant to this appeal:

(a)    My agreement to a plea deal that was not honored and refusal of my attorney to state this in court.
(b)    Original 5 charges are $10,300 for restitution, 4 charges were dismissed, yet after plea deal restitution jumped to $31,689 (plea agreement was $1,700) court cost are on 4 dismissed cases.

Hallam also alleged that trial counsel "failed to mention . . . that the restitution is not what was agreed on [sic] plea."

The State moved for summary dismissal on all of Hallam's claims. At a hearing on the motion, the district court noted that a claim based on ineffective assistance of counsel required a showing of prejudice, which the parties had not addressed. As such, the district court requested supplemental briefing on that issue. Hallam submitted the requested briefing and a supporting declaration in which she averred that trial counsel informed Hallam that she "would only be liable for restitution on a single count." Hallam also averred that she "would not have pled guilty if [she]

---

[1]    The record does not show other pending criminal cases against Hallam at that time. Consequently, we understand the word "cases" to include the dismissed counts of grand theft and any uncharged matters encompassed within the plea agreement.

[2]    Hallam also appealed from her judgment of conviction, contending that the district court abused its discretion in retaining jurisdiction. That appeal was consolidated with the appeal of the restitution order and the judgment was affirmed.

had known [she] would be held accountable for restitution on all of the dismissed counts." Regarding the two claims quoted above, the district court held that there was "a question of fact as to whether trial counsel's performance fell below an objective standard of reasonableness" but concluded that Hallam failed to show prejudice. The district court, therefore, granted the State's motion for summary dismissal and entered judgment dismissing Hallam's petition. Hallam appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Hallam represents that one of her claims "pertained to her trial counsel's advice on the restitution terms of the plea agreement" and "the other pertained to [Hallam's] [trial] counsel's failure to object when the trial court and the [State] did not follow the agreement." Hallam asserts that "the district court failed to conduct any prejudice analysis" for her claim that her counsel failed to object. Hallam further asserts that there was a genuine issue of material fact regarding both her trial counsel's performance and the resulting prejudice on Hallam's failure-to-object claim. The State responds that the district court erred in concluding that there was a genuine issue of material fact regarding trial counsel's performance on the failure-to-object claim. The State also contends that Hallam failed to preserve the prejudice argument she advances on appeal, that her argument relies on an inapplicable legal standard, and that she has failed to show that the

3

district court erred in concluding that she failed to show prejudice.[3] Because we agree that Hallam failed to preserve her argument regarding prejudice, we affirm.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

In Hallam's supplemental briefing to the district court, she argued she was prejudiced because she "never would have pled guilty if she knew she would receive a potential restitution award against her in relation to the dismissed counts." She also suggested that the district court could presume prejudice based on the facts of her case. The district court considered the failure-to-object claim and the failure-to-advise claim together and held that the record "plainly disprove[d] [Hallam's] allegation that she would not have pled guilty had she been aware that she could be liable for restitution on all five counts" and, thus, she failed to raise a genuine issue of material fact on the prejudice prong of *Strickland*.

On appeal, Hallam advances neither theory of prejudice that she presented to the district court. Instead, Hallam asserts for the first time that she was prejudiced because, "but for her [trial] counsel's" failure to object, "the trial court would not have ordered her to pay restitution for the

---

[3]     The State also argues that the district court correctly held that Hallam failed to show prejudice from her trial counsel's alleged failure to advise Hallam's of the restitution terms. Because Hallam has not challenged the dismissal of her claim regarding trial counsel's alleged failure to advise, we need not address this part of the State's argument.

4

dismissed counts." Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because Hallam's prejudice argument is raised for the first time on appeal, we do not consider it. Hallam presents no other challenge to the district court's conclusion that she failed to show a genuine issue of material fact regarding prejudice on her failure-to-object claim given that her assertions were belied by the record in the underlying criminal case. Consequently, Hallam has failed to show that the district court erred in summarily dismissing this claim. Because we affirm on this basis, we do not address the parties' remaining arguments.

## IV.
## CONCLUSION

Because Hallam's argument regarding prejudice is raised for the first time on appeal, we do not consider it. Hallam has failed to show that the district court erred in summarily dismissing her petition for post-conviction relief. Consequently, the judgment summarily dismissing Hallam's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.