IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50240

| | |
|---|---|
| SUZANA MARIE CONNOR, | ) |
| | ) Filed: February 10, 2025 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Suzana Marie Connor, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Suzana Marie Connor appeals from the district court's summary dismissal of her petition for post-conviction relief. Specifically, Connor argues the district court erred when it summarily dismissed her ineffective assistance of counsel claims. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, Connor pled not guilty to felony DUI, Idaho Code §§ 18-8004, 18-8005(9).[1] The case was set for trial on February 27, 2013. The State filed a motion for leave to file an information part II alleging a persistent violator sentence enhancement, and a hearing was set for January 15, 2013. Connor failed to appear at the hearing and a bench warrant was issued. At a subsequent pretrial conference, Connor again failed to appear for the hearing.

_____

[1] At the time of Connor's arrest, the statute was Idaho Code § 18-8005(9), however it is currently I.C. § 18-8005(6).

1

Connor's attorney indicated that he did not have any contact with Connor and that he would file a motion to withdraw, which the district court granted.

Connor was arrested on the bench warrant in 2018. Represented by new counsel, Connor filed a motion to suppress evidence, alleging the blood draw was obtained without consent or a warrant and was, therefore, unconstitutional based on *Missouri v. McNeely*, 569 U.S. 141 (2013). The State objected to the motion, arguing that it was untimely. The trial court denied the motion as untimely. Ultimately, Connor pled guilty to one count of felony DUI, and the State agreed to dismiss the persistent violator enhancement.

Connor filed a direct appeal, arguing the district court erred by denying her motion to suppress. Connor admitted that her motion was untimely, and that she had absconded, but believed that since *McNeely* was decided during her absence, the application of a procedural time rule should not limit her ability to challenge a constitutional issue. This Court rejected those arguments in an unpublished opinion. *State v. Connor*, Docket No. 47006 (Ct. App. May 22, 2020).

Connor filed a petition for post-conviction relief. Connor's pro se petition asserted two claims that initial trial counsel provided ineffective assistance by: (1) failing to file a motion to suppress pursuant to the rule announced in *McNeely*; and (2) instructing her to leave the country until the law changed. The district court held that trial counsel could not have been ineffective for failing to file a motion to suppress based on *McNeely* as it was not decided until after Connor absconded and the deadline to file a motion to suppress had passed. Further, the district court determined Connor's claim that trial counsel encouraged Connor to abscond was unsupported by admissible evidence. The district court entered judgment summarily dismissing Connor's petition for post-conviction relief. Connor appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## ANALYSIS

Connor argues the district court erred by summarily dismissing her petition for post-conviction relief. Connor claims that her trial counsel had knowledge of the *McNeely* decision on January 9, 2013, but failed to file a motion to suppress. Additionally, Connor argues that trial counsel's instruction to her to leave the United States until the law changed prejudiced her case. The State argues the claims are without merit and Connor failed to allege a prima facie case of ineffective assistance of counsel.

As an initial matter, Connor's brief fails to comply with Idaho Appellate Rule 35(a)(6), which states, "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." The Supreme Court held that it relies "solely on the parties to ground their appeals in relevant argument and authority." *Dorr v. Idaho Dep't of Labor*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* The argument section of Connor's brief provides no citation to the record on appeal as to either of her appellate claims. This Court will not search the record on appeal for the necessary citations or arguments. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Connor's claims are, therefore, waived.

Nonetheless, Connor's claims of ineffective assistance of counsel are without merit. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 p.3d 536, 544 (Ct. App. 2009). For an ineffective assistance of counsel claim to prevail, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish deficiency, the petitioner must show that the attorney's representation was below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that,

but for the attorney's deficient performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability is a probability necessary to undermine the confidence in the outcome. *State v. Dunlap*, 155 Idaho 345, 383 313 P.3d 1, 39 (2013). This must be more than a merely conceivable likelihood of a different result. *Id.*

Connor argued that the district court erred in dismissing her claim that trial counsel was deficient for not filing a motion to suppress[2] based on *McNeely*. The State argued that trial counsel could not have filed a motion to suppress based on the ruling in *McNeely* that would have been timely given that the *McNeely* decision was not issued until April 2013.

Connor's argument that trial counsel knew of the *McNeely* decision to timely file a motion to suppress is incorrect. The trial in this case was set for February 27, 2013. A pretrial conference was scheduled for February 5, 2013. Connor did not appear and absconded as of the February 5, 2013, hearing. According to Idaho Criminal Rule 12(d), absent good cause shown or for excusable neglect, a motion to suppress must be filed within twenty-eight days of the plea or seven days before trial, whichever is earlier.[3] In this case, even if counsel could have filed seven days before trial, the *McNeely* decision was not issued until April 7, 2013. Connor mistakenly relies upon the date oral argument was conducted in *McNeely*, January 9, 2013. Pursuant to I.C.R. 12(d), Connor's motion to suppress would have to have been filed before *McNeely* was issued. Her trial counsel could not be deficient for failing to file a motion based on a ruling that did not exist at the time.

Lastly, Connor claims that her trial counsel was ineffective for advising her to flee the country until the law changed. The State argues that Connor provided no evidence for this claim. The district court is not required to accept either petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Downing*, 136 Idaho

---

[2]     Connor additionally argues that trial counsel could have filed a motion to suppress alleging an illegal arrest without probable cause, an illegal blood draw contamination, and an illegal blood draw per the Supremacy Clause because she is a member of a sovereign Indian tribe. These arguments were not raised below and are unsupported by evidence in the record.

[3]     In felony cases, motions under Idaho Criminal Rule 12(b) must be set for hearing within fourteen days after filing or forty-eight hours before trial, whichever is earlier. Thus, it is inaccurate that trial counsel could have filed a placeholder motion to suppress while Connor was absconding, "preserving" her right to litigate the motion six years later, as such a motion could not have been set for hearing in a timely fashion absent a showing of good cause or excusable neglect. Willfully absconding for six years is neither good cause nor excusable neglect.

4

at 371, 33 P.3d at 845. The district court found the allegation that trial counsel advised Connor to leave the country until the law changed was a conclusory allegation, unsupported by admissible evidence. The district court also noted that the claim lacked any plausibility. We agree. Because Connor's claim is bare, conclusory and unsupported by the evidence, she has failed to show the district court erred in summarily dismissing her amended post-conviction petition.

## IV.

## CONCLUSION

Connor has failed to show error in the district court's summary dismissal of her ineffective assistance of counsel claims. Therefore, the judgment of the district court summarily dismissing Connor's amended petition for post-conviction relief is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.