**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44048**

| | | |
|---|---|---|
| **ROBERT A. RICHMOND,** | ) | **2017 Unpublished Opinion No. 390** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  March 6, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Richard D. Greenwood, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Robert A. Richmond appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  Richmond argues the district court erred in finding that trial counsel's deficient performance at trial was not prejudicial.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts giving rise to the charge against Richmond are set forth in this Court's unpublished opinion on Richmond's appeal from his conviction, *State v. Richmond*, Docket No. 41093 (Ct. App. Sept. 2, 2014):

> Richmond and his then fiancée (the victim) were involved in a physical dispute while driving from Garden City to Meridian.  Shortly after arriving at a house in Meridian, the victim made her way to a bar where a bartender called the police.  Richmond was charged by information with aggravated assault "by punching [the victim] in the head and/or face causing severe swelling and bruising to her eyes and

1

face, and bleeding to her nose and/or by grabbing her by the neck and applying pressure." Richmond was also alleged to be a persistent violator. The case proceeded to trial, and the State first presented testimony from an officer who interviewed the victim and photographed the victim's injuries. This officer also interviewed and photographed Richmond. The State then called the victim who testified that Richmond punched her and then, at one point, used a seat belt to choke her. A paramedic who examined the victim also testified, recalling what injuries the victim had. Another officer testified about Richmond's injuries, and the State introduced photographs of the inside of the vehicle depicting blood spatter within the car. Richmond testified in his defense, claiming that he acted in self-defense.

Although the jury was instructed on self-defense, they found Richmond guilty of aggravated assault. After the verdict, Richmond acknowledged he was a persistent violator. Prior to sentencing, Richmond filed a motion and memorandum for judgment of acquittal or, in the alternative, motion for new trial. Relevant to this appeal, Richmond asserted that a new trial should be granted because the court misdirected the jury, Idaho Code § 19-2406(5), by not providing a unanimity instruction. Following a hearing, the district court issued a memorandum decision and order denying the motion for acquittal and denying motion for new trial. The district court subsequently imposed a unified sentence of nine years, with two years determinate . . . .

Richmond appealed the conviction, arguing that the jury instruction on self-defense was erroneous because it required that he prove he was in imminent danger of "death or great bodily harm," the standard in homicide cases, instead of the lesser standard of "bodily harm" applicable in other cases. Richmond's trial counsel did not object to the instruction. The State conceded and this Court agreed the instruction was erroneous. However, we found that the instructional error was not fundamental error, as defined in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), reasoning that:

> the Due Process Clause of the United States Constitution does not require the State to disprove a defendant's affirmative defense. *See Martin* [*v. Ohio*], 480 U.S. [228,] 236 [(1987)]. Therefore, contrary to Richmond's assertion, there is no violation of the United States Constitution when the jury is improperly instructed on the affirmative defense of self-defense. Because Richmond does not argue that the Idaho Constitution requires, as a guarantee of due process, that the State disprove a defendant's affirmative defense, Richmond has not demonstrated that the erroneous jury instruction violated one of his unwaived constitutional rights.

*Richmond*, Docket No. 41093. Rejecting Richmond's other arguments, this Court affirmed the conviction. *Id.*

Richmond filed this action for post-conviction relief alleging that trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to object to the erroneous self-defense instruction, the same issue presented on appeal. At a hearing on the

State's motion for summary dismissal, Richmond's counsel agreed that the evidence in the record was sufficient for the district court to determine the case on its merits.[1] The district court granted the State's motion for summary dismissal of Richmond's petition. Richmond timely appeals.

## II.

## ANALYSIS

Richmond argues that he demonstrated prejudice under *Strickland* and that the district court erred in summarily dismissing his petition. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its

---

[1]     Richmond contends that the State violated Idaho Code § 19-4906(a) when it failed to attach "portions of the record material to the questions raised in the application." This statement was made in passing in the factual and procedural history of the appellant's brief but not argued as an issue on appeal. The appellant fleshed out this argument citing relevant case law in his reply brief. A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Consequently, "this Court will not consider arguments raised for the first time in the appellant's reply brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). However, having reviewed the evidence in the record, we conclude there was sufficient evidence to support the district court's findings. Further, this argument was not presented to the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

4

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

At trial, the district court instructed the jury:

> An assault is justified if the defendant was acting in self-defense.
> In order to find that the defendant acted in self-defense, all of the following conditions must be found to have been in existence at the time of the assault.
> 1.    The defendant must have believed that the defendant was in imminent danger of death or great bodily harm.
> 2.    In addition to that belief, the defendant must have believed that the action the defendant took was necessary to save the defendant from the danger it presented.

3. The circumstances must have been such that a reasonable person under similar circumstances would have believed that the defendant was in imminent danger of death or great bodily injury and believed that the action taken was necessary.

4. The defendant must have acted only in response to that danger and not for some other motivation.

5. When there is no longer any reasonable appearance of danger, the right of self-defense ends.

In deciding upon the reasonableness of the defendant's beliefs, you should determine what an ordinary and reasonable person might have concluded from all the facts and circumstances which the evidence shows existed at that time, and not with the benefit of hindsight.

The danger must have been present and imminent, or must have so appeared to a reasonable person under the circumstances. A bare fear of death or great bodily injury is not sufficient to justify an assault. The defendant must have acted under the influence of fears that only a reasonable person would have had in a similar position.

The burden is on the prosecution to prove beyond a reasonable doubt that the battery was not justifiable. If there is a reasonable doubt whether the battery was justifiable, you must find the defendant not guilty.

In dismissing the petition, the district court found that Richmond met his burden on the first prong of the *Strickland* test in that trial counsel's failure to object to the erroneous self-defense jury instruction was deficient performance. However, the district court further found that Richmond had not shown that he was prejudiced as a result. The district court reasoned that Richmond's self-defense theory would have been unsuccessful even if the jury had been properly instructed.

Richmond argues that he did establish prejudice under *Strickland* and points to his own trial testimony to demonstrate that he was acting in self-defense. At trial, Richmond testified that the victim became irate and began punching him and he responded by punching her back in order to make her stop. He also testified that she pushed herself into him, causing him to lose control of the vehicle for a time and move into oncoming traffic. Richmond attested that it was in response to this pushing that he used the "up-and-over" move, which Richmond described as going over her shoulder and under her elbow to grab her sweatshirt at the neck to push her away. Richmond avers that the jury "could have concluded that Mr. Richmond feared bodily injury but not imminent danger of death or great bodily injury and still convicted him of aggravated assault." Therefore, Richmond concludes, the error in the jury instruction undermines the reliability of the verdict.

6

A review of the record supports the district court's determination that Richmond was not prejudiced by the erroneous jury instruction because Richmond failed to present a valid self-defense claim at trial. "A flawed jury instruction requires reversal of a conviction only if it may have misled the jury or prejudiced the defendant." *Sheahan*, 146 Idaho at 106, 190 P.3d at 925. The record supports the district court's finding that Richmond did not act only in response to danger, but was also motivated by anger. As noted by the district court, Richmond testified that the only time he felt fearful was when the victim grabbed the steering wheel while Richmond was driving. Beyond that, by his own testimony, Richmond's conduct was motivated by anger. Richmond testified that he lost his temper and swung at her with a "reverse punch" which "on two occasions [he] felt that it connected solidly."

The record further supports the district court's finding that the victim's injuries do not support a finding of self-defense. The victim's injuries, as compared to Richmond's injuries, demonstrate that even if Richmond was exercising self-defense, he went beyond what a reasonable person would deem necessary to save himself. The victim testified that she was knocked unconscious and suffered chipped teeth, bruising to multiple parts of her body, and what she thought was a broken nose. She further testified that Richmond had used the seatbelt to strangle her. A paramedic testified that he found swelling around both of the victim's eyes, nose, and lip, and a possible fracture around her eye. The paramedic attested that the number of injuries and their locations indicated that the victim had been struck multiple times. In contrast, an officer who interviewed Richmond prior to his arrest testified that Richmond had discoloration to his right eye, swelling to his cheekbone, and small scratches on his head.

As this Court stated in its opinion on direct appeal, Richmond's acts included a "continual course of conduct that was initiated by Richmond and continued until the point that Richmond choked her with the seat belt." *Richmond*, Docket No. 41093. Even if the jury had been properly instructed, there is no reasonable probability that it would have accepted Richmond's self-defense claim. The record fails to call the verdict into question notwithstanding the erroneous instruction. Richmond is therefore unable to demonstrate prejudice required under *Strickland*. Accordingly, Richmond failed to set forth a prima facie case of ineffective assistance of counsel. The district court did not err in summarily dismissing Richmond's petition for post-conviction relief.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Richmond's petition for post-conviction relief because Richmond failed to establish a prima facie case of ineffective assistance of counsel. The judgment of the district court is affirmed.

Judge GUTIERREZ and Judge HUSKEY CONCUR.