**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48746**

| | |
|---|---|
| GARRETT M. McCOY,<br><br>  Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>  Respondent. | )<br>)  Filed:  November 2, 2022<br>)<br>)  Melanie Gagnepain, Clerk<br>)<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Garrett M. McCoy appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  McCoy claims his counsel was ineffective for failing to discuss defense strategies, requesting a lesser-included offense during trial without his consent, and subsequently suggesting that the jury find McCoy guilty of that lesser-included offense without his consent.  Because McCoy failed to establish a genuine issue of material fact as to any of his claims, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In November of 2016, law enforcement was notified that a Honda Ridgeline had been taken from the owner's driveway after it was left running to warm up.  Later that day, officers were informed the stolen vehicle was located in Garden City.  While Officer Otter was on scene, McCoy walked towards the vehicle.  McCoy asked Officer Otter, "Did you find the keys to my vehicle?"

1

During their conversation, McCoy changed his story from owning the vehicle to borrowing it. Officer Otter then informed McCoy he knew the vehicle was stolen, detained McCoy, and read him *Miranda*[1] warnings. Eventually McCoy told Officer Otter he stole the vehicle because it "had spoken to him" and he "was drawn to it."

The State charged McCoy with felony grand theft by possession of stolen property with a persistent violator sentencing enhancement. During trial, the district court granted McCoy's counsel's request to instruct the jury the lesser-included offense of misdemeanor "joyriding." During closing argument, McCoy's counsel suggested that the jury find McCoy guilty of the lesser-included offense of joyriding rather than grand theft. The jury found McCoy guilty of felony grand theft by possession. This Court affirmed the conviction on direct appeal. *State v. McCoy*, Docket No. 45968 (Ct. App. Oct. 30, 2019) (unpublished).

McCoy filed a pro se post-conviction petition claiming ineffective assistance of counsel among other allegations.[2] McCoy's petition alleged: "told jury I was guilty, never discussed defense stratigies [sic] or called witnesses." In his affidavit McCoy stated, "I had numerous difficulties with public defender [] and I made nurmerous [sic] complainst [sic] to Judge Baskins [sic], Anthony Geddes, Public Defense Commission, the judicial counsel, and Idaho State Bar but nothing was done." The district court granted McCoy's motion for the appointment of post-conviction counsel. Counsel did not amend the petition.[3]

The State filed a motion for summary dismissal of McCoy's post-conviction petition as well as an amended motion for summary dismissal, and a motion for the district court to take judicial notice of numerous documents from the underlying criminal record and direct appeal. After a hearing, the district court granted the State's motion to summarily dismiss the post-conviction petition. McCoy timely appealed.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] McCoy brought several additional allegations that were dismissed by the district court and are not on appeal before this Court.

[3] In August 2020, post-conviction counsel filed a notice stating he was not filing an amended petition because, despite significant efforts on his part, he had not been able to meet with McCoy due to the COVID pandemic.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

McCoy argues it was his objective to maintain his innocence through trial and that his counsel was ineffective for requesting a lesser-included offense instruction for joyriding and "effectively admitting" McCoy was guilty of this offense, without McCoy's consent. According to McCoy, the nature of his claim excused him from proving he was prejudiced by counsel's conduct.

4

**A.     Sixth Amendment Autonomous Claim**

McCoy relies on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), in support of this claim. *McCoy* involved a defendant who "vociferously insisted on his innocence and adamantly objected to any admission of guilt." *Id.* at 1503. Nevertheless, the trial court permitted counsel to tell the jury that the defendant committed the three murders charged. *Id.* In the opening statement, and over the defendant's objection, counsel told the jury the evidence unambiguously showed the defendant committed the murders. *Id.* at 1507. During closing argument, counsel told the jury he "took the burden off of the prosecutor." *Id.* The United States Supreme Court held that a defendant has "the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id.* at 1505. The Supreme Court explained admitting guilt or maintaining innocence "are not strategic choices about how best to *achieve* a client's objectives; they are choices about what the client's objectives in fact *are*." *Id.* at 1508. The Supreme Court concluded that, "[b]ecause a client's autonomy, not counsel's competence, [was] in issue," the "ineffective-assistance-of counsel jurisprudence" did not apply. *Id.* at 1510-11.

McCoy argues that, "in light of *McCoy*," "an attorney should not be permitted to make a strategic decision without his client's consent where the decision constitutes an admission of guilt" when the "defendant asserts that his objective is to maintain his innocence." Yet, *McCoy* did not overrule *Florida v. Nixon*, 543 U.S. 175 (2004), where the Supreme Court held that trial counsel was not ineffective for conceding his client's guilt when his client remained silent and neither approved nor disproved of trial counsel's guilt concession strategy. *Nixon*, 543 U.S. at 181. To the contrary, the Court in *McCoy* expressly noted *Nixon* was distinguishable on this basis. *McCoy*, 138 S. Ct. at 1505. The Court explained: "If a client declines to participate in his defense, then an attorney may permissibly guide the defense pursuant to the strategy she believes to be in the defendant's best interest." *Id.* at 1509. When "[p]resented with *express statements* of the client's will to maintain innocence, however, counsel may not steer the ship the other way." *Id.* (emphasis added). Therefore, *McCoy* and *Nixon* in combination hold that while trial counsel "may not admit [a] client's guilty of a charged crime over the client's intransigent objection to that admission," *id.* at 1510, counsel maintains the ability to make strategic decisions regarding presentation of a defense. *McCoy* does not apply in this case because, like *Nixon*, this case is factually distinguishable. The defendant in *McCoy* told his trial counsel not to make a concession of guilt,

5

was "furious" about the strategy when trial counsel told him prior to trial, and demanded pursuit of acquittal. *McCoy*, 138 S. Ct. at 1506. During opening statements, the defendant told the trial court his attorney was "selling him out." *Id.* In contrast, McCoy only claims post-conviction that his objective was always to pursue acquittal; however, he failed to allege any facts in his petition or present any supporting evidence of this acquittal objective. For example, McCoy failed to allege that he told his trial counsel he wanted to maintain his innocence or to cite to any comments in the record that would suggest this objective. Because McCoy never alleged he explicitly told his trial counsel not to request the joyriding jury instruction or imply guilt of joyriding to the jury as a defense strategy, *McCoy* is not controlling in this case. Therefore, McCoy was required to show a genuine issue of material fact that counsel was ineffective to avoid summary dismissal.

**B.      Ineffective Assistance of Counsel Claims**

In regard to his ineffective assistance of counsel claims, McCoy argues that his trial counsel failed to discuss defense strategies with him. McCoy also argues trial counsel should have obtained his consent before requesting the lesser-included joyriding instruction. Lastly, McCoy contends trial counsel should have obtained his consent before making a closing argument of effectively conceding McCoy was guilty of joyriding.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Thus, in

6

order to avoid summary dismissal of an ineffective assistance of counsel claim, the petitioner must establish the existence of a genuine issue of material fact as to both deficient performance and prejudice. *Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010).

The entirety of the relevant allegation in McCoy's petition reads: "Told jury I was guilty, never discussed defense stratigies (sic) or called witnesses."[4] McCoy's supporting affidavit includes no factual bases for this allegation or any factual assertions relevant to this claim. Instead, McCoy's affidavit focuses on his mental health, a lack of medication, and "numerous" unstated "difficulties" with trial counsel that he claims he reported to various individuals and agencies. In response to the State's motion for summary dismissal of this claim, McCoy argued (without evidentiary support) that the claim should not be summarily dismissed because trial counsel "did not assert a straight defense" of innocence, but instead "sought a lesser included instruction of joyriding," "indicat[ing] that [McCoy] was guilty of this misdemeanor offense, rather than felony grand theft." McCoy further argued that "[p]ursuing such a defense without advising" him was "deficient performance because, for one thing, it impact[ed] his right to testify." According to McCoy, "he could hardly have testified in contradiction to the asserted defense."

In summarily dismissing this claim, the district court noted that, although trial counsel successfully requested a joyriding instruction, "the record also reveals that [trial] counsel questioned the arresting officer regarding the lack of physical evidence and [McCoy] potentially being under the influence or otherwise not mentally coherent when he made statements." In other words, the record reveals that, contrary to McCoy's argument, trial counsel's defense strategy was not limited to conceding guilt. The district court also rejected McCoy's argument that trial counsel's defense strategy precluded him from testifying, particularly in light of trial counsel's cross-examination of the arresting officer, which provided "multiple avenues for [McCoy] to testify" in response. Moreover, McCoy did not allege in his petition that he was effectively deprived of the right to testify as a result of counsel's trial strategy, and his argument in that regard was conclusory--claiming only that "the entire focus of the defense would have been different" without explaining how or why that was so, particularly in relation to the overwhelming evidence that McCoy was guilty of grand theft. McCoy's claims of ineffective assistance of counsel are

---

[4] The district court summarily dismissed the failure to call witnesses component of this claim, noting McCoy failed to identify any such witnesses or indicate how such witnesses would have testified. McCoy does not challenge this aspect of the district court's decision.

strategic decisions of trial counsel and McCoy failed to establish a genuine issue of material fact as to deficient performance or prejudice to him.

As for McCoy's allegation that trial counsel did not discuss trial strategy with him, McCoy's own allegations, however, belie that assertion. In his petition, McCoy specifically alleges his counsel "said his job wasn't to defend me or win a case just to limit my exposer [sic]." In other words, McCoy's counsel advised McCoy that his strategy was not to seek a complete acquittal. The district court noted McCoy's petition included a contradictory allegation that trial counsel told McCoy that "his job wasn't to defend [McCoy] or win a case just limit [his] exposer [sic]." The district court observed that "[s]eeking a lesser included charge of joyriding seems like exactly the type of exposure limiting defense tactic defense counsel was referencing. And again, defense counsel pursued multiple defensive strategies in his questioning of the officer." Because McCoy's allegations acknowledge his counsel told McCoy his strategy was to limit McCoy's exposure, McCoy has failed to show a genuine issue of material fact that his counsel failed to discuss trial strategy with him, or that he was prejudiced as a result. Thus, the district court did not err by summarily dismissing McCoy's ineffective assistance of counsel claims.

## IV.

## CONCLUSION

McCoy has failed to show a genuine issue of material fact entitling him to an evidentiary hearing on his ineffective assistance of counsel claims. Accordingly, we affirm the district court's judgment summarily dismissing McCoy's post-conviction petition.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.