**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45590**

| | |
|---|---|
| RONALD WISDOM, | ) |
| | ) **Filed: December 31, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment and order dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Ronald Wisdom appeals from the district court's final judgment in which the district court dismissed Wisdom's petition for post-conviction relief. Wisdom argues his trial counsel provided ineffective assistance and, thus, the district court erred in dismissing Wisdom's petition for post-conviction relief. For the reasons set forth below, we affirm the district court's final judgment and order dismissing Wisdom's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2013, the victim disclosed to her mother (Mother) that Wisdom sexually abused her. Wisdom was charged with three counts of felony lewd conduct with a minor under sixteen, Idaho Code § 18-1508. Before trial, Mother told a detective that, prior to the May 2013 disclosure, the victim made three previous claims that Wisdom abused her. At trial, a jury found

1

Wisdom guilty of all three counts.[1]  For each count, the district court imposed a forty-year sentence, with twenty years determinate, to run concurrently.

After an unsuccessful direct appeal,[2] Wisdom filed a pro se petition for post-conviction relief.  Although Wisdom made twelve claims for post-conviction relief, the only relevant claim for this appeal is Claim 4.  In Claim 4, Wisdom argued his counsel failed to provide effective assistance during trial.  Specifically, Claim 4 asserted that Wisdom's trial counsel opened the door to prejudicial evidence regarding prior disclosures made by the victim.  The State filed an answer and motion for summary disposition.  The district court granted the State's motion on all claims except Claim 4, noting that the State may have misunderstood the arguments presented in Wisdom's fourth claim.  The district court allowed the State to renew its motion, and the State filed a brief in support of the motion for summary disposition of Claim 4 with new and additional arguments.  The State's motion was granted, and the district court entered a final judgment which dismissed Wisdom's petition for post-conviction relief.  Wisdom timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature.  I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992).  Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).  A petition for post-conviction relief differs from a complaint in an ordinary civil action.  *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004).  A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1).  Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting

---

[1]     Wisdom also pleaded guilty to a persistent violator charge, Idaho Code § 19-2514, which is not at issue on appeal.

[2]     *State v. Wisdom*, Docket No. 42134 (Ct. App. Sept. 10, 2014) (unpublished).

evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

3

*Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Wisdom argues the district court erred in summarily dismissing Claim 4 of the petition for post-conviction relief. The State argues summary dismissal was appropriate. We agree with the State.

### A.     Relevant Procedural History

During trial, Wisdom's trial counsel made a hearsay objection designed to prevent the prosecutor from eliciting Mother's testimony about the victim's disclosures that occurred prior to May 2013. The district court asked whether part of the defense was that the victim did not disclose any of the events until she was fifteen years old. Trial counsel confirmed that was Wisdom's defense. In response to the hearsay objection, the district court ruled that the contested evidence may be admitted for a limited purpose; not to prove the truth of the statements, but if the issue was whether the victim ever disclosed any information, the evidence may be admitted to prove that the victim made previous disclosures. In essence, the district court indicated that the evidence might be admissible to rebut Wisdom's defense of recent fabrication. Wisdom's trial counsel stated he understood the district court's ruling.

Later, while Wisdom's trial counsel was cross-examining Mother, the following exchange occurred:

> Q:    And when you were talking to [the detective] there in I believe May,[3] you told [the detective] basically that you didn't have any information, that you had never seen anything. Correct?

---

[3]    It appears trial counsel misspoke and was referring to Mother's conversation with the detective that occurred in October 2013.

A:    Yes.

Q:    And that [the detective] asked you if it was okay if [the detective] had [the victim] place this recorded kind of confront phone call to [Wisdom]. Correct?

A:    Yes.

The State argued the line of questioning opened the door for the State to ask Mother about the victim's disclosures that occurred prior to May 2013. Defense counsel argued that it did not open the door because it was limited in scope to Mother's discussions with law enforcement. The district court agreed and allowed the State to ask the following question: "Isn't it a fact that [the victim] had told you about incidents of touching prior to May 8, 2013?" Mother responded: "Yes."

Wisdom's fourth claim in his petition for post-conviction relief argued his trial counsel failed to provide effective assistance. Wisdom claimed that during the cross-examination of Mother, his trial counsel opened the door for the State to introduce prejudicial evidence against Wisdom. Specifically, the prejudicial evidence involved testimony alleging that Wisdom sexually abused the victim prior to May 2013. Wisdom claimed his trial counsel was deficient because counsel was aware of the prejudicial testimony, argued against the admission of similar testimony, and received instructions from the district court to keep the testimony out of trial. Nonetheless, according to Wisdom, his trial counsel's deficient performance allowed prejudicial testimony to be admitted at trial.

The district court dismissed Wisdom's fourth post-conviction claim when it granted the State's second motion for summary dismissal. In its memorandum decision and order, the district court explained the arguments made by Wisdom's trial counsel while pursuing a hearsay objection were evidence that trial counsel "understood the law, prepared adequately, and made a tactical decision to ask those questions to bolster Wisdom's defense, despite the risk of 'opening the door.'" The district court determined Wisdom failed to show inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review and, thus, failed to show deficient performance as required by the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Because the district court dismissed Wisdom's claim on that basis, the district court did not consider the second prong set forth in *Strickland*.

**B.    Wisdom Failed to Establish a Genuine Issue of Material Fact**

Wisdom makes two claims to support his assertion that the district court erred when it dismissed his petition for post-conviction relief. First, Wisdom claims the cross-examination at

issue in this case was not a strategic decision, but rather a poorly worded question by Wisdom's trial counsel.  Second, Wisdom asserts that even if his trial counsel's decision was strategic, the decision was objectively unreasonable.  Wisdom limits his appellate argument to the first prong of *Strickland*.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### 1.    Deficient performance

Wisdom argues the district court erred when it dismissed his petition for post-conviction relief because Wisdom's trial counsel was deficient.  Wisdom contends his trial counsel was deficient because the cross-examination at issue in this case was not a strategic decision, but rather, a poorly worded question.  To support his position, Wisdom claims we must view evidence in the light most favorable to Wisdom.

We begin with the presumption that trial counsel takes certain actions for tactical reasons.  *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).  As held in *Strickland*, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  Wisdom contends it is unclear whether trial counsel's cross-examination of Mother was part of a strategy or whether it was a slip of the tongue to ask:  "And when you were talking to [the detective] there in I believe May, you told

6

[the detective] basically that you didn't have any information, that you had never seen anything. Correct?" Wisdom asserts that his trial counsel may have unintentionally asked the question and, because we must view evidence in the light most favorable to the petitioner, this is evidence his trial counsel was deficient. We are not persuaded by Wisdom's argument in this regard.

The mere possibility of an error is not sufficient to overcome the presumption that Wisdom's trial counsel asked questions during cross-examination for tactical reasons. This Court starts with the presumption that trial counsel's actions were strategic. Because whether counsel acted strategically is a contested fact, we look to the record to determine whether Wisdom alleged any facts or provided any evidence to support his claim that the question may have been a "slip of the tongue"; if so, we must view that evidence in the light most favorable to Wisdom. In this case, there is no evidence that the question was a "slip of the tongue." As acknowledged by Wisdom on appeal, it is only a possibility that the question may not have been intentional. Without any evidence to support his claim that the question was not strategic, there is no evidence to create a genuine issue of material fact regarding whether trial counsel's performance was deficient. Viewing evidence in the light most favorable to Wisdom still requires evidence to consider, rather than speculative possibilities. Second, defense counsel's argument that he intended to ask the question to challenge Mother's credibility but did not believe the question opened the door to the challenged evidence indicates that the question was intentional, not a slip of the tongue. We conclude Wisdom has not offered any admissible evidence that counsel's questions were not a strategic decision.

Next, Wisdom argues his trial counsel was deficient because the cross-examination of Mother was objectively unreasonable, even if the decision was strategic. Specifically, Wisdom asserts it was unreasonable for his trial counsel to open the door to prejudicial evidence after the district court warned trial counsel that the evidence trial counsel was attempting to preclude may come in for a limited purpose. Wisdom directs this Court to the following exchange:

Court: Now, having said that, is part of the defense in this case going to be that an argument that the defendant--that [the victim] never disclosed any of these events until she was 15 years old?
Counsel: Yes. She has never said that she has disclosed to any of the events. During the course of the investigation, she says she never told them.
Court: Well, if that comes up during the course of the trial, then it may well be that this type of evidence may come in for a limited purpose, not to prove the truth of the statements but to prove that in fact [the victim]

7

had made disclosures previously if you're going to be arguing to the jury that she never disclosed it and therefore it's a fabrication.
So do you understand where I'm coming from?

Counsel:   Yes.

According to Wisdom, it would be unreasonable to converse with the district court about a defense strategy, and then act in such a way that allows the prejudicial evidence to come in at trial. Wisdom explains his trial counsel had alternative ways to present the defense's theory of the case and introduce relevant evidence without opening the door to information that was prejudicial to Wisdom.

Wisdom does not establish a genuine issue of material fact regarding whether the representation from his trial counsel fell below an objective standard of reasonableness. Wisdom asks this Court to consider how alternate trial strategies may have been more effective or less prejudicial. However, our appellate review of reasonableness is limited. As previously stated, we do not second-guess tactical or strategic decisions of trial counsel unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *See Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Wisdom argues that although there may have been adequate preparation and knowledge of the relevant law, trial counsel's deficiencies are capable of objective evaluation. We disagree. Wisdom's defense at trial was a defense of the victim's recent fabrication and a challenge to Mother's credibility, and Wisdom made clear to the district court that he would be pursuing that defense. It was the pursuit of that defense that opened the door to evidence of the victim's prior disclosure, not just the specific question asked.

Wisdom pursued that defense with the understanding that the evidence of the prior disclosure could be admitted. Thus, trial counsel's decision to limit the way in which the evidence would be presented was presumptively a strategic decision based on adequate preparation and knowledge of the law. Because Wisdom fails to point to admissible evidence to show that the decision to ask the questions (and pursue the defense of recent fabrication) was objectively unreasonable, he does not establish that he received deficient representation from his trial counsel. Thus, Wisdom fails to satisfy the first prong of *Strickland*.

### 2.     Prejudice

As set forth in *Strickland*, a petitioner is required to prove not only that his attorney's performance was deficient but also that the petitioner was prejudiced by the deficiency.

*Strickland*, 466 U.S. at 687-88.  In its memorandum decision and order, the district court held Wisdom failed to show deficient performance by his trial counsel.  The district court then explained:  "Because the claim can be dismissed on that basis, the Court need not consider the *Strickland* test's second prong, requiring a showing of resulting prejudice."  The district court's statement correctly states the law.  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland*, 466 U.S. at 697.  Because the prejudice prong of the *Strickland* analysis is not at issue, we decline to address it.

## IV.
## CONCLUSION

For the reasons set forth above, we affirm the district court's final judgment and order dismissing Wisdom's petition for post-conviction relief.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.