IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51207

| | | |
|---|---|---|
| JOSEPH THEODORE STAKEY, | ) | |
| | ) | Filed: April 8, 2026 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed in part, vacated in part, and remanded.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Joseph Theodore Stakey appeals from the judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In his underlying criminal case, Stakey was charged with battery on a law enforcement officer, felony malicious injury to property, resisting and obstructing an officer, driving under the influence (DUI), and being a persistent violator. Pursuant to a plea agreement, Stakey pled guilty to battery on a law enforcement officer, I.C. § 18-915(3)(b), and felony malicious injury to property, I.C. § 18-7001(2). In exchange for his guilty pleas, the State dismissed the remaining

1

charges and waived any argument that the sentence for battery on a law enforcement officer was statutorily required to run consecutively to Stakey's previously imposed sentence. Following the State's recommendation, the district court sentenced Stakey to an indeterminate term of five years for battery on a law enforcement officer and a concurrent, unified term of five years, with a minimum period of confinement of three years, for malicious injury to property.

Stakey did not pursue a direct appeal. Stakey filed a pro se petition for post-conviction relief asserting various ineffective assistance of counsel claims.[1] After being appointed post-conviction counsel, Stakey filed an amended petition containing many of the same ineffective assistance of counsel claims included in the original petition. The State filed a motion for summary dismissal. The district court subsequently held a hearing on the motion, at which it took judicial notice of the record in Stakey's underlying criminal case. Ultimately, the district court granted the State's motion and summarily dismissed Stakey's amended petition. Stakey appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Stakey contends the district court erred in dismissing three of the ineffective assistance of counsel claims in his amended petition for post-conviction relief. Specifically, Stakey asserts genuine issues of material fact exist as to whether his trial counsel was ineffective for "failing to

---

[1] Prior to filing the pro se petition for post-conviction relief, Stakey filed an I.C.R. 35 motion seeking correction or reduction of his sentences. However, Stakey's Rule 35 motion alleged claims of ineffective assistance of trial counsel--claims that are outside the scope of Rule 35. As a result, the district court denied Stakey's motion but granted him leave to amend his motion to a petition for post-conviction relief. On appeal, Stakey does not challenge the district court's denial of his Rule 35 motion.

file a motion to withdraw [Stakey's] guilty plea to malicious injury to property," failing to investigate the cost of damages relating to the malicious injury to property charge, and "failing to file a notice of appeal." The State responds that the record and applicable law support the district court's summary dismissal of Stakey's amended petition. We hold that Stakey has failed to show the district court erred in summarily dismissing his ineffective assistance of counsel claims pertaining to malicious injury to property. We further hold the district court erred in summarily dismissing Stakey's claim that his trial counsel was ineffective for failing to file a notice of appeal.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). A post-conviction petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence.

*Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. On appeal, Stakey argues the district court erred when it summarily dismissed his ineffective assistance of trial counsel claims relating to malicious injury to property and his request for an appeal. We take each of Stakey's arguments in turn.

## A. Malicious Injury to Property

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial

would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In his amended petition, Stakey alleged his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea to malicious injury to property. Stakey maintained that, after pleading guilty but before sentencing, he discovered the damages relating to the malicious injury to property charge were less than the $1000 threshold for the charge to constitute a felony. Stakey contended the evidence was insufficient "to convict him" and that his trial counsel was ineffective for failing to move to withdraw Stakey's guilty plea. The district court disagreed and highlighted "some conflicting facts" in Stakey's claims. In his first affidavit, Stakey averred he learned the total amount of damages "after his sentencing hearing" and that he "was never informed of the actual cost of repair prior to [his] guilty plea and sentencing hearing." In contrast, Stakey asserted in his amended petition that he discovered the amount of damages "after pleading guilty" but "before sentencing." The district court determined this was "an oversight" and that Stakey's attempt to change the "long settled timeframe for when he discovered the actual amount of the damages" may have been an effort to avoid "the manifest injustice standard for withdrawing a guilty plea" and to proceed under the just reason standard. However, the district court concluded that Stakey failed to establish prejudice resulting from his trial counsel's alleged deficiency under either standard for withdrawing a guilty plea.

For Stakey to withdraw his guilty plea to malicious injury to property before sentencing, he was required to show that his motion "likely would have been granted." According to the district court, Stakey was "unable to show that the [trial court] would have granted his request due to how favorable the plea agreement was to him on the other counts he was charged with." The district court found it was clear "the parties worked together to construct a plea agreement with a particular focus on the sentencing recommendation based on the unique statutory scheme" at issue in this case. Specifically, because of "the ambiguity in I.C. § 18-915(3)(b) for when the sentence imposed for battery on a law enforcement officer must run consecutive, the parties agreed to" an indeterminate sentence for battery on a law enforcement officer. The district court indicated that

the trial court followed "the recommendation solely because" it was imposing an indeterminate term of five years for battery on a law enforcement officer and a concurrent, unified term of five years, with a minimum period of confinement of three years, for malicious injury to property. Had Stakey been permitted to withdraw his guilty plea to malicious injury to property, the district court determined it "would have allowed the State out of the plea agreement but would not have allowed Stakey to withdraw his plea" to battery on a law enforcement officer. As a result, Stakey "would have still had a guilty plea entered for [battery on a law enforcement officer] with no plea agreement binding the State's recommendation as to the sentence." According to the district court, had Stakey withdrawn his guilty plea to malicious injury to property, it "would have undoubtedly imposed at least [determinate] three years with indeterminate two [years] for battery on a law enforcement officer since there would not have been any other sentence to worry about potentially being consecutive" in that circumstance. The district court also stated that "no part of Stakey's briefing, petition, or affidavit" attempted to show that he was prejudiced by his trial counsel's alleged deficiency.

The district court further found that, had Stakey sought to withdraw his guilty plea to malicious injury to property after sentencing, it would have been "unable to find manifest injustice due to these same reasons." The district court determined that the punishment "imposed by the [trial court] was appropriate for the circumstances." However, the district court indicated it "would have been a higher sentence, regardless of the number of felonies or misdemeanors Stakey was sentenced on, had the persistent violator enhancement not been dropped by the State." The district court clarified that the determinate portion of Stakey's sentence "was merely due to statutory ambiguity and a desire to not prolong the time [he] would spend in prison if [the Idaho Department of Correction] read the [battery on a law enforcement officer] statute to require a consecutive sentence" where the trial court had not. As a result, the district court determined it would have been "manifestly unjust to allow Stakey to withdraw his guilty plea to [malicious injury to property], the count with the actual sentence imposed, without undoing the entire plea agreement and allowing the State to reinstate the dismissed charges and enhancement." The district court therefore concluded that, even if Stakey's trial counsel's performance "fell below the appropriate level in refusing to file a motion to withdraw [Stakey's] guilty plea to" malicious injury to property, he was "unable to show he was prejudiced by his [trial counsel's] failure to act."

6

Stakey also argued his trial counsel was ineffective for failing to investigate the cost of damages relating to the malicious injury to property. Stakey contended that, had he known the true amount of damages, "he would not have pled guilty" and "would not have been sentenced thereon." The district court disagreed and stated that Stakey "benefited from the guilty plea to" malicious injury to property. According to the district court, Stakey "was facing multiple charges and a persistent violator enhancement which would have factored into a higher sentence than" the one he received "had they not been dropped as part of the" plea agreement. Even assuming Stakey had not been sentenced for malicious injury to property, the district court found he was "unable to show that the ultimate sentence he ended up with" for battery on a law enforcement officer, along with "any other counts and enhancements the State would have pursued" absent the plea agreement, would have been less than he received. Accordingly, the district court concluded that Stakey could not "show he was prejudiced by his" trial counsel's actions.

On appeal, Stakey asserts the district court erred in dismissing his claim that his trial counsel was ineffective for failing to file a motion to withdraw Stakey's guilty plea to malicious injury to property. Relying on his affidavits, Stakey contends he "had a nonfrivolous basis to withdraw his guilty plea," regardless of "whether that motion was requested prior to or after sentencing, based on the discovery that he pled guilty to a felony offense that should have been a misdemeanor." Stakey further argues that, "to the extent to which [he] pled guilty to felony malicious injury to property, without knowledge that the" damages were less than $1000, "his guilty plea was not voluntary, knowingly, or intelligently entered." As such, Stakey contends he "sufficiently alleged deficient performance" and that he "was prejudiced by trial counsel's deficient performance." Stakey's arguments are belied by the record.

During the entry of plea hearing, the district court explained the nature of Stakey's charges and the potential penalties, and Stakey confirmed he understood each of them. The district court also informed Stakey that, "by entering a plea of guilty, [he would] be waiving any defenses" he might have, as well as his "right to have a jury trial" and have the State prove all his charges beyond a reasonable doubt. Stakey confirmed that he understood the rights he was waiving. The district court continued and asked whether anyone was "forcing or pressuring" Stakey to plead guilty, to which he responded, "No, Your Honor." Additionally, Stakey confirmed these representations by filling out and signing the guilty plea advisory form. The record therefore

7

shows that Stakey understood the nature of the charges against him, the consequences of pleading guilty, and that he was not coerced into pleading guilty. Stakey has failed to show the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to file a motion to withdraw Stakey's guilty plea to malicious injury to property.

Stakey also argues the district court erred in summarily dismissing his claim that his trial counsel was ineffective for "failing to discover the actual amount of property damages before advising [Stakey] to plead guilty" to malicious injury to property. Stakey contends he "sufficiently alleged deficient performance" because his trial counsel "should have discovered the actual cost of damages prior to advising [Stakey] to plead guilty." Thus, Stakey asserts his trial counsel's advice "was not within the range of competence demanded of attorneys in criminal cases." Stakey also claims he alleged sufficient facts to show prejudice because he "would not have pled guilty to felony malicious injury to property if he had known the cost of damages did not exceed $1,000." The State responds that the district court's summary dismissal of this claim is supported by the record and applicable law because "both Stakey and his trial counsel were aware" that the total amount of restitution "was unknown at the time" Stakey entered his guilty plea and pled guilty with that knowledge. We agree with the State.

After Stakey's trial counsel put the terms of the plea agreement on the record, the district court asked if there was "an understanding of approximately how much" restitution would be. Stakey's trial counsel indicated the total amount was unknown at the time, and the State confirmed as much. Thereafter, the district court discussed restitution with Stakey:

> THE COURT: All right [sic]. Now, the issue you need to understand there as well is, the State, at the time of sentencing, is going to be asking for restitution for medical treatments and--to the officer involved. They don't have an exact number now because those treatments are not completed. But there's a possibility of that being . . .certainly in the thousands of dollars, Mr. Stakey. So, do you understand that?
> [STAKEY]: Yes, Your Honor.

The record therefore shows the parties were aware that the total amount of restitution was unknown at the time Stakey entered his guilty plea to malicious injury to property. Nevertheless, Stakey chose to plead guilty in order to get the benefit of the negotiated resolution. We agree with the district court's conclusion that Stakey benefited from the plea agreement because, had he not pled guilty, he would have faced additional charges and a sentencing enhancement. Additionally,

8

Stakey would not have had the benefit of binding the State to a sentencing recommendation had he not entered into the agreement nor would the State have waived a statutory argument that the sentence for battery on a law enforcement officer was required to run consecutively to Stakey's other prior sentence. Moreover, while Stakey asserts his trial counsel acted deficiently in failing to discover the total amount of restitution, Stakey does not present any argument on how his trial counsel failed to investigate, what sort of investigation trial counsel should have undertaken, or what any investigation would have revealed. As a result, Stakey has failed to show error in the district court's summary dismissal of his claim that his trial counsel was ineffective for failing to investigate the amount of damages linked to the malicious injury to property.

**B.     Notice of Appeal**

In his amended petition, Stakey asserted that he directed his trial counsel "to file a notice of appeal several times verbally and once by writing after sentencing." Stakey argued his trial counsel was ineffective for failing to file a notice of appeal, "thereby depriving [Stakey] of his right to appeal his case." The district court disagreed and concluded:

> Each issue Stakey has raised in this post-conviction relief proceeding is an issue that he would not have been able to raise on appeal, as ineffective assistance of counsel claims require information outside the record that is traditionally created for an appeal. Stakey concedes this issue himself. Stakey has not provided the Court with any issues he would have appealed in this matter besides ineffective assistance of counsel concerns. Therefore, he cannot show prejudice.

On appeal, Stakey argues the district court erred in dismissing his ineffective assistance of counsel claim relating to trial counsel's failure to file a notice of appeal. Stakey contends he met his burden of establishing that "his trial counsel's performance in failing to file a notice of appeal" was deficient and asserts "prejudice is presumed when an appeal is requested but not filed." The State responds that, while the district court "incorrectly determined that Stakey had not established prejudice on this claim," the district court's dismissal was proper because Stakey "presented no evidence that he asserted his request [to file an appeal] within 42 days of the entry of his judgment of conviction, as required by I.A.R. 14(a)." We agree with Stakey.

Pursuant to *Strickland*, 466 U.S. at 687-88, a petitioner who claims ineffective assistance of counsel must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. In certain Sixth Amendment contexts, however, prejudice is presumed. *Garza v. Idaho*, 586 U.S. 232, 237 (2019). For example, no showing of prejudice is

9

necessary "if the accused is denied counsel at a critical stage of" trial, *United States v. Cronic*, 466 U.S. 648, 659 (1984), or if the accused is left "entirely without the assistance of counsel on appeal," *Penson v. Ohio*, 488 U.S. 75, 88 (1988). Prejudice is also presumed when counsel's constitutionally deficient performance deprives a defendant of an appeal that he or she otherwise would have taken. *Garza*, 586 U.S. at 237; *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Contrary to the State's argument, the record shows that Stakey alleged facts that, if true, indicated he asked his trial counsel to file a notice of appeal within the requisite time. Specifically, Stakey averred in his affidavit in support of his amended petition that he directed his trial counsel to file a notice of appeal. The record also shows that, while Stakey was in custody and after he was sentenced, he requested information on filing a notice of appeal. According to the record, Stakey's request came approximately one week after his judgment of conviction was filed. Moreover, the district court's analysis on whether Stakey alleged sufficient facts to establish prejudice is not consistent with the applicable law because a presumption of prejudice exists when a petitioner is deprived of an appeal he otherwise would have taken as a result of trial counsel's failure to file a notice of appeal. *See Garza*, 586 U.S. at 237.

Because Stakey alleged facts that, if true, showed he asked his trial counsel to file a notice of appeal within the requisite time, Stakey raised a genuine issue of material fact concerning deficient performance. Additionally, the district court's analysis of whether Stakey was prejudiced by his trial counsel's failure to file a notice of appeal is not consistent with the applicable law. Consequently, the district court erred by summarily dismissing Stakey's claim relating to trial counsel's failure to file a notice of appeal.

## IV.

## CONCLUSION

Stakey has failed to show the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea to malicious injury to property. Stakey has also failed to show the district court erred in dismissing his claim that his trial counsel was ineffective for failing to investigate the cost of damages underlying the malicious injury to property charge. However, the district court erred in summarily dismissing Stakey's claim that his trial counsel was ineffective for failing to file a notice of appeal and Stakey was entitled to an evidentiary hearing. Consequently, the district court's judgment dismissing

Stakey's amended petition for post-conviction relief is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.